UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IFEOMA EZEKWO,<br><br>                              Plaintiff,<br><br>                -against-<br><br>GERALD MOISE, ET AL.,<br><br>                              Defendants. | 23-CV-10360 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that employees of the Internal Revenue Service ("IRS") and the Department of Justice Tax Division ("Tax Division") have committed misconduct and improprieties in collecting delinquent taxes from her.[1] She also appears to complain of conduct arising out of a matter in the United States Tax Court. Named as Defendants are: (1) Gerald Moise, IRS field agent; (2) Susan K. Bollman, attorney for the IRS in the United States Tax Court; (3) Norah E. Bringer, attorney for the Tax Division; (4) Arthur T. Catteral, attorney for the Tax Division; (5) David A. Hubert, Deputy Assistant Attorney General for the Tax Division; (6) William J. Harrington, attorney for the Tax Division; (7) Albert G. Lauber, Judge of the Tax Court; (8) Drita Tonuzi, attorney for the IRS in Tax Court; (9) Joseph W. Spires, attorney for the IRS in Tax Court; (10) Vicky L. Miller, attorney for the IRS in Tax Court; (11) John S. Hitt, attorney for the IRS in Tax Court; (12) Daniel Werfel, Commissioner of IRS; and (13) John and Jane Does 1-10.

For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

---

[1] Plaintiff paid the $405.00 in filing fees for this action.

## DISCUSSION

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under Section 1404(a), transfer is appropriate in this case because Plaintiff, who is a resident of Tenafly, New Jersey, brings claims arising from her delinquent taxes and a Tax Court matter. Although she asserts that venue is proper in this court because the IRS has placed tax liens on her properties located in this District, she has filed two civil actions in the District of New Jersey, stemming from the same set of facts and against many of the same defendants named in this action. *See Ezekwo v. Comm'r of IRS*, No. 23-CV-2747 (D. N.J. filed July 12, 2023); *Ezekwo v. Bringer*, No. 23-CV-2746 (D. N.J. filed May 22, 2023). Therefore, the District of New Jersey is the favored forum to litigate this action. *See New York v. Exxon Corp.*, 932 F.2d

1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit).

Accordingly, the Court transfers this action under Section 1404(a) to the United States District Court for the District of New Jersey. See *D.H. Blair & Co.*, 462 F.3d at 106.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 4, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge